**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN, <br><br>   Plaintiff, <br><br>v. <br><br>REDBIRD PRIDE ENTERPRISES, INC. d/b/a LA FIESTA MEXICAN RESTAURANT, JOSE JULIO PACHECO-VALTIERRA, and JESSICA SHEPARD, as Next Friend of JANE DOE, a Minor, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff GENERAL CASUALTY COMPANY OF WISCONSIN ("GCCW"), for its Complaint for Declaratory Judgment against Defendants REDBIRD PRIDE ENTERPRISES INC. d/b/a LA FIESTA MEXICAN RESTAURANT ("Redbird"), JOSE JULIO PACHECO-VALTIERRA ("Pacheco-Valtierra"), and JESSICA SHEPARD, as Next Friend of JANE DOE, a Minor ("Shepard"), states as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage dispute. GCCW seeks a declaration that it has no duty to defend or indemnify Redbird or Pacheco-Valtierra under a businessowners policy (the "Policy") for a lawsuit Shepard filed on behalf of Jane Doe, a minor, against Redbird and Pacheco-Valtierra (the "Lawsuit").

2. The Lawsuit seeks damages for Jane Doe's emotional distress, lost wages, and loss of enjoyment of a normal life as a result of Pacheco-Valtierra's sexual harassment, sexual assault, and sexual battery, which was allegedly known to and ratified by Redbird.

1

3. There is no coverage available for the Lawsuit for several reasons.

4. First, the Lawsuit does not seek damages because of "bodily injury"[1] caused by an "occurrence."

5. Second, even if it did, coverage is precluded by the Policy's Abuse or Molestation Exclusion and Expected or Intended Injury Exclusion.

6. Third, as to Pacheco-Valtierra, there is no coverage available for him because he does not qualify as an insured for purposes of the allegations against him.

7. Fourth, as to Redbird, coverage is precluded by the Policy's Employers' Liability Exclusion.

## THE PARTIES

8. GCCW is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business located in New York.

9. Redbird is a corporation incorporated under the laws of the State of Illinois with its principal place of business located in West Frankfort, Illinois.

10. Pacheco-Valtierra is domiciled in Illinois and is therefore a citizen of Illinois.

11. Shepard is domiciled in Illinois and is therefore a citizen of Illinois. Shepard is the plaintiff in the Lawsuit. Shepard is named as a Defendant only to the extent that she is required to be named as a necessary party.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the Plaintiff is not a citizen of the same state as any of the Defendants and the amount in controversy in this case exceeds $75,000.

---

[1] Terms in quotes are defined in the Policy.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because the defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE POLICY

14. GCCW issued a Business Owners Policy, Policy No. BBP0019838-01, to Redbird for the period June 18, 2022 to June 18, 2023.

15. As relevant here, Section II of the Policy's Businessowners Liability Coverage Form[2] provides a $1 million per "occurrence" and a $2 million general aggregate limit of liability. A true and correct copy of the Policy is attached as Exhibit A.

## THE LAWSUIT

16. On November 16, 2023, Shepard filed the Lawsuit against Redbird and Pacheco-Valtierra in the Circuit Court of Franklin County, Illinois. A true and correct copy of the complaint filed in the Lawsuit is attached as Exhibit B.

17. The Lawsuit alleges that Jane Doe, a minor, was an employee at Redbird and that Pacheco-Valtierra was her manager and supervisor.

18. The Lawsuit alleges that beginning in October 2022 and continuing through December 12, 2022, while working together at Redbird, Pacheco-Valtierra, made unwelcome sexually charged comments and sexual advances towards Jane Doe during her shifts, and touched her in an offensive and nonconsensual manner on numerous occasions.

19. The Lawsuit alleges that Pacheco-Valtierra's conduct was pervasive and ongoing, and that Redbird never took any corrective action to stop the egregious conduct.

---

[2] Section II is the only potentially relevant coverage section in the Policy. GCCW therefore does not address any other coverage section but reserves its rights and will amend this pleading to the extent any of the Defendants contend another coverage section applies.

20. The Lawsuit alleges that as a result of Pacheco-Valtierra's conduct and Redbird's failure to act, Jane Doe suffered severe emotional distress, past and future lost wages and benefits, and loss of enjoyment of a normal life.

21. Based on these allegations, Shepard, on behalf of Jane Doe, asserts four counts against the defendants in the Lawsuit: 1) violation of the Illinois Human Rights Act against Redbird for discrimination based on her sex; 2) violation of the Illinois Gender Violence Act against Redbird for gender-related violence by Pacheco-Valtierra, a manager employed by Redbird; 3) common law assault against Pacheco-Valtierra; and 4) common law battery against Pacheco-Valtierra.

## THE COVERAGE DISPUTE

22. Redbird and Pacheco-Valtierra seek coverage from GCCW under the Policy in connection with the Lawsuit.

23. GCCW denies that there is coverage for the Lawsuit under the Policy.

24. An actual, present, and bona fide controversy exists between GCCW, Redbird, and Pacheco-Valtierra with respect to whether there is insurance coverage for the Lawsuit under the Policy.

25. A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policy.

## COUNT I – DECLARATORY JUDGMENT
### No "Bodily Injury" Caused by an "Occurrence"

26. GCCW repeats and incorporates by reference herein the allegations in Paragraphs 1 through 25 of this Complaint.

27. Subject to its terms and conditions, Section II.A.1. of the Policy contains the Business Liability Coverage Section of the Policy and provides, in relevant part, as follows:

**A. Coverages**

**1. Business Liability**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the inured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

*   *   *

    **b.** This insurance applies:

        **(1)** To "bodily injury" and "property damage" only if:

            **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            **(b)** The "bodily injury" or "property damage" occurs during the policy period;

28. "Bodily injury" is defined in Section II.F.3 of the Policy to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

29. "Occurrence" as defined in Section II.F.3 of the Policy means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

30. The Lawsuit seeks damages for Jane Doe's emotional distress, lost wages, and loss of enjoyment of a normal life as a result of Pacheco-Valtierra's sexual harassment, sexual assault, and sexual battery, which was allegedly known to and ratified by Redbird.

31. The Lawsuit does not seek damages because of "bodily injury" caused by an "occurrence."

32. Accordingly, GCCW does not owe a duty to defend or indemnify Redbird or Pacheco-Valtierra under the Policy in connection with the Lawsuit.

### COUNT II – DECLARATORY JUDGMENT
### No "Property Damage" Caused by an "Occurrence"

33. GCCW repeats and incorporates by reference herein the allegations in Paragraphs 1 through 32 of this Complaint.

34. Subject to its terms and conditions, Section II.A.1. of the Policy provides that GCCW will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence."

35. Section II.F.17 of the Policy defines "property damage," in relevant part, to mean:

   a. Physical injury to tangible property, including all resulting loss of use of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

36. "Occurrence" as defined in Section II.F.3 of the Policy means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

37. The Lawsuit seeks damages for Jane Doe's emotional distress, lost wages, and loss of enjoyment of a normal life as a result of Pacheco-Valtierra's sexual harassment, sexual assault, and sexual battery, which was allegedly known to and ratified by Redbird.

38. The Lawsuit does not seek damages because of "property damage" caused by an "occurrence."

39. Accordingly, GCCW does not owe a duty to defend or indemnify Redbird or Pacheco-Valtierra under the Policy in connection with the Lawsuit.

## COUNT III – DECLARATORY JUDGMENT
### No "Personal and Advertising Injury"

40. GCCW repeats and incorporates by reference herein the allegations in Paragraphs 1 through 39 of this Complaint.

41. Subject to its terms and conditions, Section II.A.1. of the Policy GCCW will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury."

42. Section II.F.14 defines "personal and advertising injury" to mean injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

43. The Lawsuit seeks damages for Jane Doe's emotional distress, lost wages, and loss of enjoyment of a normal life as a result of Pacheco-Valtierra's sexual harassment, sexual assault, and sexual battery, which was allegedly known to and ratified by Redbird.

44. The Lawsuit does not seek damages because of "personal and advertising injury."

7

45. Accordingly, GCCW does not owe a duty to defend or indemnify Redbird or Pacheco-Valtierra under the Policy in connection with the Lawsuit.

## COUNT IV – DECLARATORY JUDGMENT
### Not an Insured (against Defendant Pacheco-Valtierra)

46. GCCW repeats and incorporates by reference herein the allegations in Paragraphs 1 through 25 of this Complaint.

47. Section II.C. of the Policy, the Who Is An Insured section, provides, in relevant part:

> **2.** Each of the following is also an insured:
>
> **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insured for:
>
> **(1)** "Bodily injury" or "personal and advertising injury":
>
> **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business…

48. The Lawsuit seeks damages because Pacheco-Valtierra sexually harassed, assaulted, and battered another Redbird employee, Jane Doe.

49. Pacheco-Valtierra is not an insured because these acts were not acts within the scope of his employment by Redbird or while performing duties related to the conduct of Redbird's business.

50. To the extent the Lawsuit concerns acts within the scope of Pacheco-Valtierra's employment or while performing duties related to the conduct of Redbird's business and to the

8

extent the Lawsuit seeks damages for "bodily injury," Pacheco-Valtierra does not qualify as an insured because such "bodily injury" is to a co-"employee."

51. Accordingly, GCCW does not owe a duty to defend or indemnify Pacheco-Valtierra under the Policy in connection with the Lawsuit.

### COUNT V – DECLARATORY JUDGMENT
### Employers' Liability Exclusion (against Defendant Redbird)

52. GCCW repeats and incorporates by reference herein the allegations in Paragraphs 1 through 25 of this Complaint.

53. Section II.B of the Policy provides, in relevant part:

**B. Exclusions**

   **1. Applicable To Business Liability Coverage**

   This insurance does not apply to:

   \*   \*   \*

   **e. Employer's Liability**

   "Bodily injury" to:

   **(1)** An "employee" of the insured arising out of and in the course of:

   **(a)** Employment by the insured; or

   **(b)** Performing duties related to the conduct of the insured's business;

   This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

54. To the extent the Lawsuit seeks damages because of "bodily injury," such "bodily injury" is to an "employee", i.e., Jane Doe, and arises out of and is in the course of her employment by Redbird.

9

55. Accordingly, the Employers' Liability Exclusion bars coverage for Redbird for the Lawsuit.

## COUNT VI – DECLARATORY JUDGMENT
### Abuse or Molestation Exclusion

56. GCCW repeats and incorporates by reference herein the allegations in Paragraphs 1 through 25 of this Complaint.

57. By endorsement, the Policy contains an Abuse or Molestation Exclusion, which provides:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> **(a)** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
>
> **(b)** The negligent:
>
> > **(i)** Employment;
> >
> > **(ii)** Investigation;
> >
> > **(iii)** Supervision;
> >
> > **(iv)** Reporting to the proper authorities, or failure to so report; or
> >
> > **(v)** Retention;
>
> of a person from whom any insured is or ever was legally responsible and whose conduct would be excluded by **(a)** above.

58. The Lawsuit arises out of Pacheco-Valtierra's sexual harassment, sexual assault, and sexual battery of Jane Doe while she was in the care, custody or control of Redbird.

59. Accordingly, the Abuse or Molestation Exclusion bars coverage for the Lawsuit.

## COUNT VII – DECLARATORY JUDGMENT
### Expected or Intended Injury Exclusion

60. GCCW repeats and incorporates by reference herein the allegations in Paragraphs 1 through 25 of this Complaint.

61. Section II.B. of the Policy provides, in part:

**B. Exclusions**

   **1. Applicable To Business Liability Coverage**

   This insurance does not apply to:

     **a. Expected Or Intended Injury**

     "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

62. To the extent the Lawsuit seeks "bodily injury," it arises out of out of Pacheco-Valtierra's intentional sexual harassment, sexual assault, and sexual battery of Jane Doe, which was allegedly known to and ratified by Redbird.

63. Accordingly, the Expected or Intended Injury Exclusion bars coverage for the Lawsuit.

## RESERVATION OF RIGHTS

The Policy contains terms, conditions and exclusions that may be relevant to this Lawsuit but that are not currently implicated by this declaratory judgment action. Nothing in this complaint should be construed as a waiver by GCCW of any coverage defenses under the Policy. GCCW continues to reserve the right to raise all other terms, conditions, and exclusion as defenses to coverage for any claim made under the Policy where appropriate.

Dated: April 12, 2024                    Respectfully submitted,

                                                             BATESCAREY LLP

                                                             /s/ <u>Abigail E. Rocap</u>
                                                             Abigail E. Rocap
                                                             BATESCAREY LLP
                                                             191 North Wacker Drive, Suite 2400
                                                             Chicago, Illinois 60606
                                                             arocap@batescarey.com
                                                             (312) 762-3100

12